## JONES *vs.* HOLSTEIN.

By a written agreement, signed by the parties, the plaintiff agreed to sell to the defendant, and the latter to purchase, at the price or sum of $200 per acre, "the following described lot or tract of land, situate in the town of S. &c. and bounded and described as follows, to wit: on the north by the centre of Esty street; on the west, by S.'s lot; on the south, by a line half way from Jones street to Esty street, and on the *east by the cove,* and being the east part of lot No. 21, on a map made by W. of a part of the T. farm, (the quantity to be ascertained by measurement and survey thereof.") The question being whether the plaintiff sold the land *on the east side* thereof to the edge of the water that sets back from the Chemung river; or, whether he only sold land to the east line of lot No. 21, as laid down on the map made by W.

*Held,* 1. That the cove being mentioned in the contract as the east boundary of the land sold, it could not be controlled or changed by the reference, in the contract, to the map made by W., or by the east line of lot No. 21, as laid down on that map.

2. That it was immaterial whether that lot extended as far east as the cove, or not; or whether any portion of such lot lay within the boundaries mentioned in the contract. That those boundaries, being marked by known and certain monuments, must control, in construing the contract.

3. That the fact that lot 21 did not extend to the east boundary mentioned in the contract, did not control, in ascertaining the quantity of land sold.

THIS was an action to recover the amount claimed to be due on a contract for the sale of a piece of land by the plaintiff to the defendant. The action was tried at the Chemung circuit, in September, 1865, when the jury rendered a verdict in favor of the plaintiff for $354.09. After judgment was entered on the verdict in favor of the plaintiff, the defendant appealed, from the judgment, to the general term of this court. All other facts necessary to a correct understanding of the decision of the court, at the general term, are mentioned in the following opinion.

*E. H. Benn,* for the plaintiff.

*Erastus P. Hart,* for the defendant.

*By the Court,* BALCOM, J. The contract, signed by the parties, bound the plaintiff to sell to the defendant, and the

latter to purchase of the former, "the following described lot or tract of land, situate in the town of Southport, county of Chemung and state of New York, and bounded and described as follows, to wit: on the north, by the center of Esty street; on the west, by Snyder's lot; on the south, by a line half way from Jones street and Esty street, and on the *east by the cove,* and being the east part of lot number twenty-one, on a map made by M. T. Webb of a part of the Samuel Tuthill farm, (the quantity to be ascertained by measurement and survey thereof.")

The material question, on the trial of the action, was whether the plaintiff sold the land *on the east side* thereof to the edge of the water that sets back from the Chemung river, or whether he only sold land to the east line of lot number twenty-one, as laid down on the map made by M. T. Webb. The defendant's position was, that he did not purchase the land on the east side to the edge of the water; but that he only purchased land as far east as the east line of lot number twenty-one, as laid down on the map made by Webb. The contract obligated the defendant to pay, for the land, the sum of $200, per acre. The plaintiff tendered a deed to the defendant, of the land extending on the east to the edge of the water; which deed the latter refused to accept.

If the defendant purchased the land as far east as the edge of the water, the verdict was right, and he is not entitled to a new trial by reason of any ruling of the judge, on the trial, or of any thing he said, or refused to say, in his charge to the jury. But if the defendant only purchased land as far east as the east line of lot number twenty-one, as laid down on the map made by Webb, the plaintiff was not entitled to recover, and the judgment in the action should be reversed and a new trial granted.

The water that sets back from the Chemung river in a low place, on the east side of the land in question, is certainly *the cove* mentioned in the contract between the parties.

Jones *v.* Holstein.

Such an inlet is generally called and known as a cove. It is obvious, therefore, that this water is what the parties meant by the word cove, as it is used in their contract. They could not have understood the cove to be the entire hollow between the tops of the high banks on either side of the water, irrespective of the water.

The cove being mentioned in the contract as the east boundary of the land sold, it can not be controlled or changed by the reference, in the contract, to the map made by Webb, or by the east line of lot twenty-one, as laid down on that map.

It is immaterial whether that lot extends as far east as the cove, or not; or whether any portion of such lot lies within the boundaries mentioned in the contract. Those boundaries were marked by known and certain monuments, and must control in construing the contract. They were visible, and the parties undoubtedly understood that lot twenty-one, embraced all the land within them. The fact that such lot did not extend to the east boundary mentioned in the contract, does not control in ascertaining the quantity of land sold.

But were the location of the east boundary, of the land sold, a disputed question for the jury to settle, they have properly determined that it was the west edge of the water constituting the cove.

If these views are correct, no error was committed on the trial, by the court or jury, to the prejudice of the defendant.

Our conclusion is, that the judgment in the action should be affirmed, with costs.

[BROOME GENERAL TERM, November 20, 1866. *Parker, Mason, Balcom* and *Boardman,* Justices.]