JOSEPH THOMSON, Respondent, v. EDWIN WILCOX and others, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.)

When the description in a mortgage of real estate, situated in a city, correctly gives the street number of the lot intended to be mortgaged, but by metes and bounds describes an adjoining lot, subsequent purchasers of the lot designated by the street number, having constructive notice of the mortgage, may rely upon the description by metes and bounds as being the correct one of the premises conveyed, and are not charged with notice sufficient to put them upon inquiry, as to the property intended, by the fact that the street number is correctly stated.

APPEAL by defendants from a judgment in an action of foreclosure, entered upon the decision of a justice of this court, at Special Term. The facts are stated in the opinion.

Present—INGRAHAM, P. J.; BRADY and LEARNED, JJ.

INGRAHAM, P. J. The plaintiff was the holder of a mortgage on a lot fronting on Twenty-third street, on which a dwelling-house had been erected. This mortgage described the property as commencing at a point distant about seventy-five feet from the south-easterly corner of Twenty-third street and Fourth avenue, running along the southerly side of Twenty-third street in an easterly direction twenty-five feet, etc. The appellants, Wilcox and Phillips, each held a mortgage on a house and lot on the southerly side of Twenty-third street, distant fifty feet, more or less, from the corner formed by Twenty-third street and Fourth avenue, and running thence easterly twenty-five feet, etc. According to these

boundaries the lots mortgaged were adjoining to each other. Both of the mortgages further described the property as known as No. 104 East Twenty-third street. That number was the proper number for the lot mortgaged to the defendants. The plaintiff proved that the loan was made on the house number 104, the third house from the Fourth avenue, but there is no proof that any mistake was made in drawing the mortgage except what is to be inferred from the number stated to be 104 in all the mortgages.

The plaintiff's mortgage was recorded 27th April, 1870. The mortgage to Wilcox was recorded January 11, 1871, and the mortgage to Wilcox, which was assigned to Phillips, was recorded 31st January, 1871.

The plaintiff brought this action, alleging that his mortgage was intended to cover the lot fifty feet east of Fourth avenue, and praying to have the mortgage foreclosed on the lot fifty feet east of the Fourth avenue, and the premises sold to pay the same.

The judge, at Special Term, made a judgment directing the sale of the lot fifty feet east of Fourth avenue, and the payment of the plaintiff's mortgage out of the proceeds prior to the mortgages held by the defendants.

The question in this case is whether the house and lot number, or the description of the lot by distances and boundaries shall control, and whether the lot number in the boundaries was sufficient notice to the defendants of the plaintiff's mortgage.

It is well settled law that when there is a mistake in the description of the property conveyed, that preference is to be given to fixed and known monuments and boundaries in the deed, as indicating and identifying the premises, and parol evidence is not admissible except to explain latent ambiguities, or the terms used therein not commonly understood. In consequence of this rule natural and permanent objects referred to in the deed control courses and distances. (*Hall* v. *Davis*, 26 N. Y., 569; *Mackentile* v. *Saur*, 17 St. R., 104.)

In new countries the order of applying boundaries is, first,

to natural objects; second, to marks made for a boundary; and third, to courses and distances. (*Bolton* v. *Lake*, 16 Texas, 96; *Ferris* v. *Coover*, 10 Cal., 629.)

But courses and distances can only be controlled by monuments, natural or artificial. (*Chadbourn* v. *Mason*, 48 N. C., 391.)

In *Jackson* v. *Loomis* (18 John., 81), where a lot was described by a wrong number and correct courses and distances, the court held that the number should be disregarded and the courses and distances should govern. That where the number and the courses and distances differed the courses and distances should govern.

The Ch. J. says: " The lot may have obtained its number from reputation only, and in point of certainty holds no comparison with the monuments." It is proper, however, to say that in that case the error was in the number which was rejected. In the same case in Court of Errors (19 Johns., 449), the same rule was affirmed, rejecting the number in favor of the courses and distances. The Chancellor said: " The land is sufficiently described by the metes and bounds, courses and distances, etc., and the number of the lot may safely be rejected."

In *Jackson* v. *Wilkinson* (17 John., 146), the premises were described as commencing at a given point, and it was held that such should control as the starting point of the survey. The court decided that " the boundary given must be followed. The case (it is said) concedes the place of beginning as fixed and certain, and the line must be run from that point."

In that case the court also say: " We are ignorant of any principle on which the boundaries of a deed can be rejected, when they are susceptible of a definite and certain location, on the ground that the grantor did not own part of the land conveyed, but did own contiguous land."

In *Lush* v. *Druse* (4 Wend., 313), the number of the lot and patent was held sufficient, but in that case there had been a possession under the conveyance for a long period, and that

Thomson v. Wilcox.

was a case between landlord and tenant for rent, where a different rule would control.

In *Jones* v. *Holstein* (47 Barb., 311), the land described in the deed was part of lot twenty-one, and was there described by metes and bounds, which extended the land beyond the lot twenty-one, and it was held that the boundaries controlled and not the number.

There are other cases which might be cited to the same purport, viz., that as between the number of the lot and the boundaries of a more permanent character, the former must give way to the latter, and if this is a fixed and undoubted point to commence at, the lines must be run from that point.

These cases are referred to for that purpose only, and it must be conceded that in most of them the lot was incorrectly numbered, and in that respect differed from the present case.

That as between mortgagor and mortgagee the facts might have been sufficient to have the mortgage reformed, may be conceded. This action, however, is not between those parties, but between mortgagees each claiming priority for his own mortgage, and the main question is whether the plaintiff's mortgage was sufficient notice to the defendants to put them on inquiry.

It cannot be denied that the boundaries in the plaintiff's mortgage were entirely beyond the lot mortgaged to the defendants. The place of beginning and all the courses and distances therein laid down were correct as the boundary of the adjoining lot. As such it was regarded both by the defendants and the register in making his search. It would not be pretended that without the number of the house and lot, the plaintiff could have any claim superior to that of the defendants. Did the addition to the boundaries that the premises were known as lot No. 104 act as such notice?

This was the correct number of the premises mortgaged to the defendants. It does not appear that they had any actual knowledge of this fact, but the contrary may be presumed, because the register, when required to search, did not return

the plaintiff's mortgage as on the property, although the search also contained the number of the house and lot.

In *Williamson* v. *Brown* (15 N. Y., 354), the rule as to notice is thus given: " When a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some title in conflict with that he is about to purchase, he is presumed to have made inquiry, or to have been guilty of negligence fatal to his claim to be considered a *bona fide* purchaser. This presumption may be repelled by proof that the purchaser failed to discover the prior right after due diligence."

I do not think the mere insertion of the number of the lot was any sufficient notice. The lot was particularly described by boundaries which placed it beyond the lot mortgaged to the defendants.

With such boundaries, even if the defendants had actual notice of the number inserted in the plaintiff's mortgage, it would have been sufficient diligence on their part to have assured themselves that the courses and distances described a lot entirely different from that claimed by them, and they would have been warranted in concluding such number erroneous and in yielding to the superior credit to which the courses and distances were entitled in the description of the premises.

Besides, there is another reason operating against the plaintiff's claim. He is the party who has been guilty of the error; and where one of two innocent parties must suffer, it is but just that the loss should fall on the party who commits the error.

The defendants have acted without fault, while the plaintiff has made the error, and as he has not done enough to give the defendants notice, he must bear the consequences of his error.

So much of the judgment as directs the payment of the amount due on the plaintiff's mortgage should be reversed, and the judgment should direct the payment of the mortgages held by the defendants out of the proceeds, with their costs, and to pay the balance to plaintiff on account of his mortgage.

Ordered accordingly.