Cooper vs. White.

## COOPER vs. WHITE.

DEED: *Certainty in.*
  Where a deed describes the land conveyed by metes and bounds, and other description that can be made certain by evidence *aliunde*, it is sufficient.

APPEAL from *Arkansas* Circuit Court in Chancery.

Hon. HENRY B. MORSE, Circuit Judge.

*Dooly*, for appellant.

The deed exhibited marked "B" is void for uncertainty in description, *Doe, ex'r. of Phillips* v. *Benj. A. Parler*, 3 Ark., 18.

The deed filed with amended complaint does not show that the lands conveyed are the same as those intended in the former deed, so as to connect them with the note sued on.

*Cockrell*, for appellee.

The supposed errors are frivolous.

The appeal should be dismissed on authority of *Sykes* v. *Lafferty*, 26 Ark., 414.

HARRISON, J.:

John White, on the 2d day of June, 1870, sold and conveyed to Giles Cooper, for five hundred dollars, one hundred and sixty acres of land in the southeast and the southwest quarters of section five, in township five south of range four west, in the county of Arkansas. Cooper paid two hundred dollars in cash, and, for the residue of the price, gave his note payable on the 1st day of

November, 1870, and entered into possession. The note having become due, White brought this suit to enforce his vendor's lien for the unpaid purchase money. The defendant demurred to the complaint, because the deed exhibited did not show in what section, township and range the land was. The court sustained the demurrer, and the plaintiff amended his complaint by tendering another deed. The defendant filed no answer, nor made any further defense, and a decree was rendered against him. He appealed.

It is insisted that the second deed is insufficient, and the decree therefore wrong.

If it be admissible for the appellant, after having demurred to the complaint on the ground that the former deed was not such as would pass the title, to make the same objection to the latter for the first time in this court, it is without avail; there was no such want of certainty in the description of the land, as in the first deed, as rendered it void, but that deed was a good and valid conveyance of the land.

There was no necessity for mentioning the section, township and range. The land was described by quantity, and by metes and bounds, and visible objects, such as corner stakes, bearing trees, prairie and section line, and thus made capable of identification by evidence *aliunde*. And the appellant had gone into possession.

That is sufficiently certain which can be made certain, but the land is described in the complaint by reference to the section, township and range, and the deed must be regarded in connection with the description there made and not as a separate and distinct averment.

The decree of the court below is affirmed.