## HOWELL vs. RYE et al.

1. EVIDENCE:   *Oral, admissible to correct date of contract.*
   Parol evidence is admissible to prove that a deed was executed on a differ-
   ent day from its date, without any violation of the rule that parol evi-
   dence is inadmissible to vary or contradict the terms of a written instru-
   ment.

2. DEED:   *Uncertainty in description of land.*
   When a deed does not mention the township and range in which the land
   is situated, and no boundaries, natural or artificial objects, or other means
   for identifying the land, are given, the deed, on its face, is bad for uncer-
   tainty; and the grantor may make a new deed correcting the mistake
   and omission, which would be good between them.

3. SAME:   *Exceptions to, how determined.*
   In considering exceptions to deeds exhibited in pleading, as evidence of
   title, the court can look only to the face of the deeds themselves.

4. PLEADING:   *Complaint in ejectment:   Sufficiency, how determined.*
   In considering the sufficiency of a complaint in ejectment, on demurrer,
   the court can look only to its allegations, and not to the deeds exhibited
   with it.


APPEAL from *Pope* Circuit Court.
Hon. THOMAS W. POUND, Circuit Judge.
*Rose, Granger*, for appellees.


ENGLISH, C. J.   On the twenty-seventh of February, 1878,
Turner Howell commenced an action of unlawful detainer
in the circuit court of Pope. county against John C. Rye.
There were two counts in the complaint, the first alleging,
in substance, that plaintiff was the owner and entitled to
the possession of the following described premises, situated
in Pope county, to-wit:   The south part of the south half
of section 28, in township 9, north range 20 west, containing
150 acres; about 60 acres of which were inclosed and pre-

pared for cultivation; and that in January, 1877, he leased, by parol, the inclosed land to defendant for that year, and that he unlawfully detained possession thereof after the expiration of his term, etc.

The second count alleged, in substance, that plaintiff, being the owner and entitled to immediate possession of the above described premises, defendant, on the first of January, 1878, obtained peaceable possession thereof, by permission of plaintiff, to take fire-wood therefrom, and pasture the stalk land, and unlawfully held over after the expiration of his right to such possession, etc.

Under the writ issued upon the filing of the complaint, plaintiff having executed bond as required by the statute, the sheriff put him in possession of the premises.

At the return term, March, 1878, J. A. McDowell and W. E. Snood, under the firm name of J. A. McDowell & Co., and G. Drabelle and J. Y. Gardner, under the firm name of Drabelle & Gardner, claiming an interest in the land, were, upon their application, made defendants, and joined with defendant Rye in an answer.

The answer, in substance, denied that plaintiff was the owner of the land and rented it to Rye, and averred that Rye rented the land for the year 1877 of one B. A. Howell, and that the land was sold under special executions against him in favor of McDowell & Co. and Drabelle & Gardner, on the fourteenth of July of that year, and purchased by them, and that they obtained certificates of purchase from the officer who made the sale, and afterwards, on the first of February, 1878, rented the land to defendant Rye, for that year, who went into possession of it as their tenant, etc.

The plaintiff demurred to the answer on the ground, in substance, that it denied his title to the land, and set up

adverse title, which could not be adjudicated in the action of unlawful detainer; and the court sustained the demurrer.

Thereupon the parties entered into an agreement of record, in substance as follows:

.1. That the cause be continued until the next term.

2. That defendant Rye be restored to possession of the land as tenant of defendants J. A. McDowell & Co., and Drabelle & Gardner.

3. That defendants waived all damages they may have sustained in consequence of having been dispossessed of the land by the sheriff at the instance of plaintiff in the suit, and that he be released from all liability on his bond.

4. That plaintiff, in lieu of his complaint in unlawful detainer, file in the clerk's office within twenty days after the adjournment of the court a complaint in ejectment.

5. That accrued costs, and the rents of the land, abide the result of the action in ejectment.

6. That defendants waive notice of the filing of the complaint in ejectment, and answer thereto at the next term.

Under this agreement the cause was continued; and plaintiff filed, in substitution of the original complaint, a complaint in ejectment, which, as afterwards amended, made, in substance, the following averments:

That plaintiff is seized in fee. and entitled to the immediate possession of the following described land, lying in Pope county, etc., to-wit, the south part of the south half of section 28 in township 9 north, range 20 west, containing in the aggregate 150 acres.

That on the nineteenth day of December, 1874, he bought the above-described land absolutely and unconditionally from B. A. Howell and wife Lou. J. Howell, and was put

in possession thereof, paying them therefor the sum of twenty-five hundred dollars, good and lawful money of the United States, for which they executed to him their deed to said land, conveying to him title in fee simple under the following description, to-wit: " The following lands lying in the county of Pope and state of Arkansas, to wit: All of the south half of section 28 that I now own, containing 150 acres, more or less."

That said B. A. Howell was lawfully seized, held, occupied and possessed said land, under a deed from W. E. Jamison and wife Frances J. Jamison, containing a like description thereof, as will more fully appear from a certified copy of said deed, herewith filed, marked exhibit " C."

That said deed (from B. A. Howell and wife to plaintiff) was actually executed to plaintiff on the nineteenth day of December, 1874, but by mistake the date of said deed was erroneously written December 20, 1874; all of which will more fully appear from a certified copy of said deed; also, their supplemental deed to said land executed to plaintiff at his instance and request on the eighteenth day of December, 1877, marked exhibits " A " and "B," herewith filed and asked to be made part of this complaint.

That on the first day of January, 1878, plaintiff was lawfully seized and possessed of the above-described land, as owner in fee simple, and being so possessed thereof, afterwards, on the second day of January, 1878, defendant John C. Rye, without the consent and against the will of the plaintiff, unlawfully entered into said premises, and ousted plaintiff of the possession thereof, and unlawfully withholds the same, etc., etc.

That defendants J. A. McDowell, W. E. Snood, T. Drabelle and J. Y. Gardner, as plaintiff is informed, claim to be owners in fee of said land, and defendant Rye claims to

hold under them as their tenant, but plaintiff denies that they have any claim or ownership thereto.

Wherefore plaintiff prays judgment for possession of said premises, and for damages, etc., etc.

The deed from Jamison and wife to B. A. Howell, made exhibit "C" to the complaint, bears date thirtieth of January, 1874, was acknowledged on the same day, and filed in the recorder's office of Pope county, fourth of November, 1874, and recorded. In it the land is described thus:

" Know all men, etc., that we, William E. Jamison and Frances J. Jamison, his wife, for and in consideration of the sum of $2,500, to me in hand paid by B. A. Howell, do hereby grant, bargain and sell, unto said B. A. Howell and to his heirs and assigns forever, the following lands, lying in the county of Pope, and state of Arkansas, to wit: All the south half of section 28 that I now own, except forty feet square on College Hill, covering the graves of J. R. Jamison and J. H. Jamison, containing 150 acres more or less. Also all of blocks C and D, as shown by plat of West Dover, as recorded in clerk's office in Pope county," etc. Then follow the habendum clause, and relinquishment of dower by the wife, etc.

The deed from B. A. Howell and wife to plaintiff, made exhibit "A" to the complaint, follows:

" Know all men by these presents, that we, B. A. Howell and Lou. J. Howell his wife, for and in consideration of the sum of two thousand and five hundred dollars, ($2,500,) to me in hand paid by Turner Howell, do hereby grant, bargain and sell, unto the said Turner Howell, and unto his heirs and assigns forever, the following lands lying in the county of Pope and state of Arkansas, to wit: All the south half of section 28 that I now own, containing 150 acres, more or less; to have and to hold,"

etc. Then follow the usual habendum clause, covenant of warranty, and relinquishment of dower by the wife, etc. The deed and acknowledgment are both dated the twentieth day of December, 1874, and the deed was filed in the recorder's office of Pope county, on the twenty-first of the same December, and recorded.

The supplemental deed from B. A. Howell and wife, made exhibit "B" to the complaint, follows:

" To all whom it may concern: Whereas, on the nineteenth day of December, 1874, B. A. Howell executed and delivered to the grantee, Turner Howell, a warranty deed in fee simple to the lands hereinafter mentioned and described, for the sum of $2,500, which sum of money was paid by said Turner Howell to said B. A. Howell and wife, etc., before the execution and delivery by them, to him, of said warranty deed, on the said nineteenth day of December, 1874. And whereas, the date of the execution of the aforesaid deed, on the nineteenth day of December, 1874, was, by mistake in the draftsman who drafted the said deed, written the twentieth day of December, 1874, instead of the nineteenth day, the true date of the execution thereof. And, whereas, said deed, executed by mistake, as aforesaid, bears an erroneous date in reference to the day of its execution, to-wit: the twentieth day, when it should be dated and bear date of the nineteenth day of the month and year afore-aid. And, whereas, it does not appear upon the face of said deed the township and range in which said lands are situated. And, whereas, the said Turner Howell has requested the said B. A. Howell and Lou. J. Howell, his wife, to execute to him another deed to said lands, with a correction of the date of the execution of the said former deed, and more particularly describing said lands than in said former deed:

" Now, therefore, know ye, that we, B. A. Howell and

Lou, J. Howell, wife of said B. A. Howell, for and in consideration of the sum of $2,500, being the consideration mentioned in a former deed, executed by us to Turner Howell, on the nineteenth day of December, 1874, but, by mistake, dated the twentieth day of said month and year, to the lands hereinafter mentioned and described, and which consideration money was paid cash in hand to us, by Turner Howell, previous to and before we executed to him said former deed on the said nineteenth day of December, 1874, to which former deed this deed has reference and is intended to correct and reform, and to take effect from the true date thereof, we do hereby grant, bargain and sell unto the said Turner Howell, his heirs and assigns forever, the following described lands, lying in the county of Pope and state of Arkansas, to-wit: the south part of the south half of section 28, in township 9 north, range 20 west, containing, in the aggregate, 150 acres, to have and to hold," etc.

Then follow the usual *habendum*, warranty of title, relinquishment of dower, etc.

This deed bears date and was acknowledged, etc., on the eighteenth of December, 1877.

The defendants filed an answer to the complaint, and in their answer made exceptions to the original and supplemental deeds executed by B. A. Howell and wife to plaintiff, and exhibited as evidence with the complaint. The court sustained the exceptions, and thereupon defendants demurred to the complaint; the court sustained the demurrer; the plaintiff rested; judgment was rendered for defendants, and plaintiff appealed.

I.    The exceptions made in the answer of defendants to the deeds of the plaintiff are as follows:

"Defendants, further answering, except to the deeds re-

lied upon as evidence, marked exhibits 'A' and ' B,' and attached to the complaint of plaintiff, for the following reasons, to-wit :

"1. Because said deed, exhibit 'A,' passes no legal title whatever, and evidence which would tend to show an equitable title, can not be admitted in ejectment.

"2. Because such a deed as this is shown on its face to be, even though acknowledged and recorded, would not even be notice to the world.

"3. Because exhibit ' B' shows on its face that it was executed long after the said B. A. Howell had lost all his right, title and interest in said lands, by sale under judgment by attachment, in favor of the real defendants herein against him, and that said B. A. Howell had no interest whatever in said lands, and could convey none ; and no power save a court of chancery could reform the deed, exhibit 'A,' which is sought to be done by exhibit ' B,' " etc.

The twentieth of December, 1874, the day on which the first deed from B. A. Howell to plaintiff bears date, was *Sunday,* but the complaint alleges that it was, in fact, executed on the nineteenth, and this allegation might have been proven on the trial without any violation of the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument. *1 Greenleaf Ev., sec. 285.*

1. Evidence: Parol, admissible to correct date of written contract.

The lands attempted to be conveyed by the deed were not otherwise described or identified than as follows: "The following lands lying in the county of Pope, and state of Arkansas, to-wit: all the south half of section 28 that I now own, containing 150 acres, more or less."

2. Deed: Uncertainty in description of land.

The township and range are not mentioned, and no boundaries, natural or artificial object, or other means of identifying the lands intended to be conveyed, are given, and it may be conceded that the deed on its face was bad

for uncertainty under our registration law. *Fuller, guardian, v. Fellows, 30 Ark., 657; Cooper v. White, ib., 513; Mooney et al. v. Colledge et al., ib., 640; Doe v. Porter, 3 Ark., 18.*

But by the supplemental deed of the eighteenth of December, 1877, the mistake in the date of the first deed was corrected, and omissions in the description of the land supplied. The complaint alleges that plaintiff purchased the land of B. A. Howell, on the nineteenth of December, 1874, paid him therefor $2,500 in cash, and was put in possession of the land. If these allegations be true, a court of equity would have compelled B. A. Howell to make plaintiff a deed properly describing the land, etc. *Allen v. McGaughey et al., 31 Ark., 252.*

In making the supplemental deed to correct the mistake and omissions in the first deed, B. A. Howell did just what a court of equity would have compelled him to do on the allegations of the complaint, and as between him and plaintiff the supplemental deed was valid. *Williams et al. v. McIlroy, 34 Ark., 85.*

3. ———: Exceptions to, how determined. It does not appear upon the face of the supplemental deed that B. A. Howell had been divested of his legal title to the land by sale under judgment by attachment before the deed was executed, as stated in defendant's exceptions to this deed.

The deed upon its face was valid, and competent to be read in evidence on the trial to show title in plaintiff; and whether it was valid on its face or not, was the question to be considered by the court in ruling upon the exceptions taken to it. *Jacks v. Chaffin et al., 34 Ark., 534.*

It is true that it is affirmatively alleged in the answer of defendants, that McDowell & Co. and Drabelle & Gardner obtained judgments in attachment suits against B. A. How-

Howell vs. Rye et al.

ell at the May term of the Pope circuit court, 1877, and that the land was sold, under special executions issued on the judgments, on the fourteenth of July, 1877, and purchased by the plaintiffs in the executions, who received certificates of purchase therefor from the officer making the sale; but the defendants would have to prove these allegations on the trial, and they could not be taken as true by the court, or noticed in considering the exceptions to plaintiff's deed.

Whether these allegations, if proven on the trial, would defeat the plaintiff's supplemental deed, is not a question before us on this appeal.

The court erred in sustaining the exceptions to the supplemental deed.

II. The complaint on its face contained substantially all the requisite allegations to make a good cause of action in ejectment. *Sec. 2258 Gantt's Digest.*

The court in considering the demurrer to the complaint, could only look at its allegations, and see if they made a good cause of action, and could not look at the deeds exhibited with the complaint, which were disclosed as the documentary evidence which plaintiff proposed to use on the trial, for the information of defendants. *Act of March 5, 1875—Acts of 1875, p. 229*, as construed in *Jacks v. Chaffin et al., supra.*

The judgment is reversed, and the cause remanded for further proceedings.