## THE YATES COUNTY NATIONAL BANK OF PENN YAN, RESPONDENT, *v.* MASON L. BALDWIN, APPELLANT, IMPLEADED, ETC.

*Assignment of a mortgage — when its record is notice to subsequent purchasers, although it does not in terms assign the bond — who is not a bona fide purchaser for value — pledge — when the pledgee does not lose his lien by delivering the pledge to the pledgor for a special purpose.*

This action was brought to foreclose a mortgage for $1,700, given by Sarah E. Lyon to one Wood. The plaintiff claimed to have acquired title to this bond and mortgage by an assignment executed by Wood, dated May 17, 1884, and recorded on June twenty-first of that year. The defendant, Baldwin, claimed to be entitled to the same bond and mortgage, or to the proceeds arising from the sale of the mortgaged premises, to the extent of $1,000, with

interest from October 1, 1883, by virtue of an assignment executed to him by Wood on that day, which assignment was recorded on June 11, 1884.

The General Term held that of the $1.715.86, which the plaintiff agreed to pay for the bond and mortgage, $921.41 was applied upon antecedent debts due to it from Wood, of which debts $887,89 matured after the assignment to Baldwin had been recorded. The assignment to Baldwin did not in express terms assign the bond, but it stated that the mortgage was made to secure the payment of $1,700 "according to the conditions of a bond accompanying the same." The plaintiff contended that he could not be charged with notice by the recording of this instrument, for the reason that, as it only purported to convey the mortgage and not the bond, it was a nullity.

*Held,* that to the extent to which the pre-existing debt to the plaintiff was paid by the assignment, the plaintiff was not a *bona fide* purchaser for value as against Baldwin.

That the registry of the assignment to Baldwin was notice sufficient to put the plaintiff upon inquiry, that, as the bond was in fact transferred with the mortgage, the assignment to Baldwin was valid; that instead of its authorizing the presumption that the bond had not been transferred, it was notice that everything essential to constitute an assignment of the mortgage had been done, nothing appearing in the assignment to the contrary.

While Baldwin held the bond and mortgage he agreed with Wood that he might negotiate a sale of them and out of the avails pay to Baldwin the amount of the note secured by the assignment, and on one or more occasions Baldwin delivered the bond and mortgage to Wood for that purpose ; they were not sold or negotiated at such times, but on each occasion were returned by Wood to Baldwin. Afterwards, Baldwin, at Woods' request, allowed him to take the bond and mortgage to get some dates, or for some purpose of Woods other than to sell them or negotiate their sale, and to be returned to Baldwin when Wood should have used them for such purpose. It was on the latter occasion that, without the knowledge or consent of Baldwin, he sold and delivered them to the plaintiff.

*Held,* that, conceding that the assignment of the bond and mortgage to Baldwin was a pledge, it could not be held that Baldwin parted with the possession of the bond and mortgage, so as to destroy his lien.

APPEAL from a judgment in favor of the plaintiff, entered in Yates county on the report of a referee.

*M. A. Leary,* for the appellant.

*W. T. Morris,* for the respondent.

SMITH, P. J.:

Action to foreclose a real estate mortgage, executed by Sarah E. Lynn to Ralph T. Wood, to secure payment of the sum of $1,700. The plaintiff claims title to the mortgage and the bond to which

it is collateral, under an assignment executed by Wood to the plaintiff, dated the 17th day of May, 1884, and recorded on the 21st day of June, 1884. The appellant Baldwin, claims to be entitled to the bond and mortgage, or the proceeds arising from a forclosure and sale of the mortgaged premises to the extent of $1,000 and interest from the 1st day of October, 1883, by virtue of an assignment executed to him by Wood on the day last named, and recorded on the 11th day of June, 1884. The transaction between Wood and Baldwin, as found by the referee, was substantially as follows: On or about the 1st of October, 1883, Wood, for the purpose of securing the payment of a promissory note of $1,000, indorsed by him to Baldwin, agreed with Baldwin to sell and assign to him the said bond and mortgage, and thereupon Wood executed and delivered to Baldwin an assignment of said mortgage in writing, and at the same time delivered to him the bond and mortgage, with the assignment, and thereafter and until about the time of the assignment of the bond and mortgage to the plaintiff, Baldwin held them as collateral security for the payment of said note, in accordance with the terms of the assignment to him.

Although the assignment to the plaintiff is junior in date and registry to that of the appellant, the plaintiff claims preference, upon the ground that it purchased the bond and mortgage in good faith and for a valuable consideration paid to Wood, without notice of the assignment to the defendant, and upon that ground the referee is understood to have reported in the plaintiff's favor. Is that claim established? First, as to the consideration. The facts bearing upon that point are as follows: The referee found that the sale to the plaintiff was on the 17th of May, 1884, the plaintiff then agreeing to pay Wood $1,715.86 for the bond and mortgage. On the 26th of May, 1884, in pursuance of such agreement, the plaintiff gave Wood credit for that sum upon its books, as a depositor. Wood was at that time a customer of the plaintiff, and said credit was also entered upon his pass-book. At the time of the sale and transfer Wood was indebted upon promissory notes, held by the plaintiff, in an amount exceeding the sum agreed to be paid by the plaintiff for the bond and mortgage, but none of said notes were due at the time said credit was given, and no agreement was then made between Wood and the plaintiff that said credit, or any part

of it, should be applied to the payment of said notes. The referee also found that on and after said twenty-sixth of May, and prior to said eleventh of June, the date of the registry of the defendant's assignment, Wood drew from the bank, upon his checks, an amount exceeding the credit given him for the bond and mortgage; but the fact is also proved, upon the admission of the plaintiff, made at the trial, that of said credit of $1,715.86, the sum of $921.41 was paid by the plaintiff, upon checks drawn by Wood upon the plaintiff, to pay and apply upon the notes owned by the plaintiff, upon which Wood was maker or indorser, both of which notes were made and delivered to the plaintiff, for value, prior to the transfer to the plaintiff of said bond and mortgage. From these facts, about which there is no dispute, it seems to follow that, to the amount of $921.41, the only consideration for the transfer of the bond and mortgage to the plaintiff was the application of that sum to the pre-existing debt held by the bank against Wood, and to that extent the plaintiff was not a purchaser for value, as against the appellant. On that ground alone the plaintiff's claim fails, and the appellant is entitled to priority, to the amount last above mentioned.

But we regard the plaintiff's claim defective also, in respect to notice. Baldwin's assignment was recorded on the eleventh of June. The referee found, upon the plaintiff's admission, that Wood's two notes above mentioned held by the bank became due June ninth and eighteenth, respectively. There is no finding as to the amount of either of said notes separately, or as to how much of said sum of $921.41 was paid at either of the dates above mentioned. It appears in evidence, however, by a statement furnished by the plaintiff, purporting to show the condition of Wood's account in the plaintiff's bank, that on the eleventh of June, Wood had a balance in the bank to his credit of $887.89, and that the only charges made against him prior to and including the eighteenth of June were twenty-five dollars on the twelfth, and $1,351.60 on the eighteenth. This evidence furnished by the plaintiff, and in no way contradicted, seems to show conclusively that of the sum of $921.41 above mentioned, at least $887.89 was not paid until the eleventh of June. So that unless the recording of the defendant's assignment failed for some reason to operate as constructive notice to the plaintiff of the defendant's rights in respect to the mortgage,

the plaintiff's payments made on and after that date were with notice.

The plaintiff's counsel contends that the record is not notice, inasmuch as the recorded assignment is of the mortgage alone and does not convey the bond. Doubtless if the mortgage alone had been assigned, the assignment would have been a nullity, inasmuch as the mortgage was but an incident to the bond and could not be separated from it. The cases cited by the plaintiff's counsel in which that doctrine has been held were cases in which there was no assignment of the bond in fact, nor was it intended that the bond should accompany the mortgage. (*Cooper* v. *Newland*, 17 Abb., 342; *Merritt* v. *Bartholick*, 47 Barb., 256; S. C., affirmed, 36 N. Y., 44.) Here the bond was, in fact, transferred with the mortgage although not mentioned in the written assignment. It was the intent of both parties that it should pass, and it was actually delivered with the mortgage and the assignment. The assignment of the mortgage was therefore not a nullity, as in the cases cited, but was valid (*Foster* v. *Van Reed*, 70 N. Y., 19, 27), and the registry was notice of the fact; and instead of its authorizing the presumption that the bond had not been transferred, it was notice that everything essential to constitute an assignment of the mortgage had been done, nothing appearing in the assignment to the contrary. It was enough, at least, to put the plaintiff on inquiry as to the real transaction, and to charge it with notice of that to which reasonably diligent inquiry would have led. The case of *Thomson* v. *Wilcox* (7 Lans., 376), cited in behalf of the plaintiff, does not apply. There, a city lot intended to be mortgaged was described correctly by its street number, but the description, by metes and bounds, was of an adjoining lot; *held*, that the mortgage was constructive notice of a lien upon the latter lot only, as the description by metes and bounds was controlling. There were two inconsistent descriptions, only one of which could be true. Here, the assignment of the mortgage was not only consistent with the transfer of the bond, but without the latter, the former was of no avail

It is contended by the plaintiff's counsel that the assignment of the bond and mortgage to Baldwin was a pledge, and that Baldwin lost his lien by parting with the possession. That the transaction was a pledge to secure the payment of the $1,000 note is probably

true. The facts in regard to Baldwin's parting with the possession, as found by the referee, are in substance as follows: While Baldwin held the bond and mortgage, he agreed with Wood that he might negotiate a sale of them, and, out of the avails, pay to Baldwin the amount of the note secured by the assignment, and on one or more occasions Baldwin delivered the bond and mortgage to Wood for that purpose; they were not sold or negotiated at such times, but on each occasion were returned by Wood to Baldwin. Afterwards, Baldwin, at Wood's request, allowed him to take the bond and mortgage, to get some dates, or for some other purpose of Wood's other than to sell them or negotiate their sale, and to be returned to Baldwin when Wood should have used them for such purpose. It was on the latter occasion, while Wood had the bond and mortgage in his possession, that, without the knowledge or consent of Baldwin, he sold and delivered them to the plaintiff. Upon this statement of facts, we think it cannot be held that Baldwin parted with the possession. On each occasion, the possession of Wood was Baldwin's' possession, Wood having them in his hands merely as the agent of the pledger. In *White* v. *Platt* (5 Den., 269), securities for money were transferred as collateral security for a debt of the party transferring them, and although the creditor afterwards redelivered them to the debtor to collect and secure them as against the parties indebted in the securities, it was held that he still retained his special property. In *Hays* v. *Riddle* (1 Sandf., 248), it was held that when the pledgee of a bond delivers it to the pledger for a particular purpose, as to be exchanged for stock, and to return the latter, and the pledger converts the bond to his own use, the pledgee may maintain trover; and that the delivery of a pledge to the pledger for a temporary purpose, as agent or special bailee for the pledgee, does not impair the title or possession of the latter. *Hays* v. *Riddle* was an action against the pledger, but the rule is the same against one deriving title from the pledger, not a purchaser for value and in good faith. (Story on Agency, § 299; *Macomber* v. *Parker* (14 Pick., 497). See, also, *Macauley* v. *Hopkins* (35 Hun, 556), and *Parshall* v. *Eggert* (54 N. Y., 18).

It is true that if Wood had sold the bond and mortgage, or negotiated their sale, to a purchaser in good faith and for value, on

either occasion when he held them for that purpose, with the consent of Baldwin, the title would have passed and the pledge would have attached to the avails in his hands, but the referee has found that he did not so dispose of them on either of those occasions. The authority to so dispose of them ceased when he returned the securities; and the referee has found that, at the time when he assumed to sell the bond and mortgage to the plaintiff, he had possession of them for some purpose other than to sell or negotiate them, with the understanding that they were to be returned to Baldwin when such purpose was accomplished. These findings are warranted by the evidence, and, in the face of them, it cannot be held that the transfer to the plaintiff was in pursuance of the authority to sell given on the previous occasions.

The result is that the appellant has priority to the extent of the sum of $921.41, with interest from the 11th of June, 1884. If the plaintiff stipulates, within twenty days, to modify the judgment so as to award to the appellant a preference to the extent of that sum out of the avails of the foreclosure sale, or a first lien upon the bond and mortgage to that extent, unless a sale be had, and to strike out the award of costs against Baldwin, and to insert in lieu thereof costs of the defense to said Baldwin against the plaintiff, with costs of this appeal, the judgment, as so modified, is affirmed, otherwise the judgment against the appellant is reversed and a new trial of the issues between him and the plaintiff is ordered before another referee, costs of this appeal to abide the event.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.