## OLIVER *v.* CLIFTON.

### Opinion delivered May 26, 1894.

*Suit to reform deed—Parties.*

> In a suit to reform a deed the grantor in the deed, or, if dead, his
> heirs, and those claiming under him, are necessary parties.

Appeal from Conway Circuit Court in Chancery.

JEREMIAH G. WALLACE, Judge.

*Rose, Hemingway & Rose* and *Carroll Armstrong*
for appellant.

A reformation of the deed is indispensable to plaintiff's recovery, for without it he shows no title to the land; but he cannot reform a deed made by Wilson to Carroll as executor, in a suit where the only party defendant is a stranger to the conveyance. Wilson, or his heirs, or those claiming under him, were necessary parties. 20 A. & E. Enc. Law, 717; 15 *id.* 681; 18 Atl. Rep. 169; 31 N. H. 193; 47 Me. 507; 37 Mo. 363; 47 Ind. 211; 75 Ill. 473.

*Ratcliffe & Fletcher* and *Moose & Reid* for appellee.

The cases cited by appellant to show that the prayer for reformation comes too late, and that it will not be granted because the original parties to the deed are not parties to the suit, are not applicable to this case. They are cases where either the party seeking reformation had not for a long time exercised any acts of ownership over the property, and was estopped (as in 38 Fed. 874–877); or sought by reformation to avoid the statute of limitation on the warranty (as in 18 At. Rep. 169, 48 Wis. 331); or where the intervening grantors of the property would be affected by reason of their warranty (as in 31 N. H. 193, 47 Me. 507); or where the objection for want of parties was raised in the

trial court (as in 37 Mo. 363; 47 Ind. 211; 75 Ill. 423). In the case at bar, as we have seen, no question was made by the pleadings as to the mistaken description, and none will be heard here. 46 Ark. 96. The parties have been claiming under these deeds from the very inception of their rights. The original grantors have never, since the execution of the deeds, made any claim to the land, and, as is admitted, have long since died. No objections for the want of parties was raised in the trial court. 54 Ark. 228; Mansfield's Digest, secs. 5028, 5031. But if it be admitted that, in a technical sense, the deed could not be reformed without the original grantors being made party, still, we submit, this cannot affect Clifton's right to recover in this case. He is, we have seen, of right the real owner of the property. In a court of equity that will be treated as done which ought to have been done. The court will be controlled by the substance rather than the form. 51 Ark. 390; 48 Mo. 367. Clifton was the owner; possession followed the ownership; and he is deemed to be in possession until ousted or disseized. 43 Ark. 485; 60 Mo. 40.

HUGHES, J. This is a suit in ejectment to recover the lands described in the complaint, brought by the appellee, alleging title in himself and unlawful possession by appellant. The complaint seeks to deraign title through Emzy Wilson, who, it alleges, bought the land from the State as swamp land, 23d March, 1854, and conveyed the same to George W. Carroll, as executor of Robert Armstrong, and delivered possession of it to him 21st February, 1859. It further alleges that the sheriff of Conway county sold the same on execution as the property of Hibernia, widow and legatee of Robert Armstrong, on the 21st of October, 1891, to Carroll Armstrong, who, with Hibernia, his mother, and Robert Armstrong, his brother, sold and conveyed the same to Benton J. Brown, and delivered possession to him, and

that he sold and conveyed the same to W. L. Moose, who sold and conveyed the same to appellee, Clifton.

The appellant answered; admitted that he was in possession; stated that Wilson acquired title from the State, and sold the land, in 1855 or 1856, to James Campbell, who conveyed same to Caroline Patterson, who took possession prior to the late war; that Caroline Patterson sold and conveyed to Thomas Campbell, 26th November, 1867; that there was no record of any of these conveyances; that Thomas Campbell left a son, as only heir, who died in 1875; that upon his death the land descended to his heirs, who held possession till 21st July, 1877; that in the year 1875 these heirs last named filed a complaint for partition, and obtained a decree, on the 3d May, 1876, that the land be sold by W. M. Clifton as commissioner; that the lands were accordingly sold to Isaac Black, and that the sale was confirmed on the 18th day of September, 1877, and that the commissioner executed and delivered to Black a deed, which was approved by the court on the 8th day of September, 1877, which was filed for record in 1877; that Isaac Black, on August 26, 1880, with Wm. Kaufman, conveyed this land to Nathan Adler, as trustee, to secure a debt; that the trustee regularly sold and conveyed the same to Sigmond Wolf; that, on 28th December, 1877, Wolf conveyed the same to appellant, Oliver, who thereby acquired title to the same. The appellant also pleaded the seven and five years statutes of limitation. It is further alleged that defendant, while occupying the land under color of title, and in good faith believing himself to be the owner thereof, peaceably made permanent and valuable improvements thereon, to the betterment of said land, in the sum of $710. It also alleges that he, and those under whom he claims, have paid taxes on the land since and including 1854, in good faith believing themselves to be the owners under color of title.

Subsequently the plaintiffs filed an amendment to their complaint, wherein it was alleged that in the deed from Emzy Wilson to George W. Carroll, executor of Robert Armstrong, the land was described as being in range nineteen west, instead of range seventeen west; and that in the deed of the sheriff to Carroll Armstrong the land was described as being in township six, instead of township seven, north; that it was the intention that both said deeds should convey the lands in controversy, and that the misdescriptions aforesaid were simply clerical errors in drafting the deeds. It prayed as in the original complaint, and that the cause be transferred to equity, and said deeds reformed.

The court ordered that the cause be transferred to equity. Upon the evidence the court rendered a decree that the reformation of deeds prayed for be granted, and rendered decree for the appellee for the possession of the land. Neither the heirs of Wilson, nor of Armstrong, nor any of those in whose conveyances, under which the appellee claims, it is alleged there was misdescription of the lands, are made parties to the complaint for reformation.

All parties in interest ought to be made parties to a suit in equity. In a suit to reform a deed the grantor in the deed ought to be made a party, and, if dead, his heirs, or those claiming under him, should be made parties, and are necessary parties to the relief sought. *Daggett* v. *Ayer*, 18 Atl. R. 169; *Pierce* v. *Faunce*, 47 Me. 507; *Busby* v. *Littlefield*, 31 N. H. 193; *Haley* v. *Bagley*, 37 Mo. 363; *Durham* v. *Bischof*, 47 Ind. 211; *Hellman* v. *Schneider*, 75 Ill. 423. "A deed conveying real estate cannot be reformed where the owners are not parties." *Watson* v. *Chicago, M. & St. P. Ry. Co.* (Minn.) 48 N. W. 1129; *Vance* v. *Roberts* (Ga.), 12 S. E. R. 653. "In equity all persons interested in the subject matter should be made parties." *Holland* v. *Bur-*

*ris*, 28 Ark. 171; *Talieferro* v. *Bennett*, 37 Ark. 517. "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But where a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in." Mansfield's Dig. sec. 4945. "The equitable owner of land cannot sue an adverse claimant in equity to recover possession." *Ashley* v. *Little Rock*, 56 Ark. 391.

For the reason that neither the heirs of Emzy Wilson, nor those claiming under him, are made parties to the suit for reformation of Wilson's deed, the cause is reversed, with leave to amend, and make such persons as plaintiff may see proper parties defendant to the complaint for reformation.