### BARRETT *v.* DURBIN.

### Opinion delivered January 27, 1913.

1. SPECIFIC PERFORMANCE—ORAL AGREEMENT TO SELL LANDS.—Specific performance of an oral contract to sell lands will be decreed according to the tenor thereof, when the purchaser has made payments on the contract, gone into possession, remained in continuous possession, for a number of years, and made extensive improvements on the land. (Page 336.)

2. SAME—NOTICE—INNOCENT PURCHASER.—When D. agrees orally to sell land to B. and B. makes payments on the same, makes improvements and holds continuous possession thereof, M., who subsequently buys the property from D., is put on notice by B.'s possession, and is not an innocent purchaser, and his deed from D. will be cancelled. (Page 336.)

3. SAME—LACHES—DEFENSE.—The defense of laches in a suit for specific performance can not be set up for the first time on appeal. (Page 336.)

4. STATUTE OF FRAUDS—ORAL AGREEMENT TO RESCIND LAND SALE.—Where a contract between D. and B. to sell and buy land is absolute, and it appears that B. has retained possession of the same, and not restored it to D., an oral agreement to rescind the contract is within the statute of frauds. (Page 336.)

Appeal from Clay Chancery Court, Eastern District; *Charles D. Frierson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This suit was brought by appellants against appellee Durbin, for specific performance of an alleged contract for the sale of certain land in Clay County.

The complaint alleged that Durbin entered into an oral contract with Chas. H. Bell, the husband and ancestor of the appellants, to sell and convey to the said Bell, the land in controversy for the sum of $275, to be paid from time to time; that under said contract the said Bell entered into possession of said land and made some improvements by erecting a dwelling house and other houses and clearing and fencing the land; that, in accordance with the contract, $245 had been paid upon the purchase price of the land; that Chas. H. Bell died about the year 1905, and that no payments had been made since his death. Appellants acknowledged an indebtedness to the appellee, Durbin, for a balance of the purchase money and taxes in the sum of $319, including interest, which they tendered with their complaint. The prayer was for specific performance of the contract.

Appellee, Durbin, answered denying the contract alleged in the complaint. He alleged that the appellants had been in the continuous possession of the land as tenants at will; and averred that he had sold the land to one Linfield Myers for the sum of $1,700.

Appellants amended their complaint and asked that Myers be made a party, and prayed that his deed, obtained from Durbin, be cancelled.

Myers answered and made his answer a cross complaint. He set up that he was the owner of the land by purchase of the same from his co-defendant, Durbin, without any knowledge of the claim of appellants; alleged that appellants were in the wrongful possession; and prayed that their cross complaint be dismissed, and that he have judgment for possession, and for $200 damages for detention of the land. In an amendment to his an-

swer and cross complaint, he alleged that a short time prior to the death of Chas. H. Bell, there was a rescission of the contract between Durbin and Bell, and that thereafter Bell continued to occupy the land as the tenant of Durbin by Durbin's permission.

The appellants answered the cross complaint of Myers, denying that he was entitled to the possession, or that he had been wrongfully kept out of possession.

The cause was submitted upon the pleadings and depositions of witnesses, and the court found that the said David H. Durbin agreed and obligated himself to convey to Chas. H. Bell the above described land and possession of said land was delivered to said Bell in furtherance of said agreement, and that Bell had occupied the land up to the time of his death, and that it is now occupied by appellants; that the land had been in the possession of Bell and appellants since the date of said contract; that the legal title to the land was in Durbin, and that under the contract of sale, appellants were indebted to Durbin in the sum of $877.58, balance of the purchase price with eight per cent interest compounded and taxes paid by Durbin for certain years and interest thereon. The court thereupon entered a decree dismissing the cross complaint of Myers for want of equity, and decreed that a deed be executed conveying from Durbin to the appellants, according to their respective interests therein, the land in controversy upon appellants paying him the sum of $877.58; and, further, cancelling the deed of conveyance from Durbin to Myers. Both parties appealed, the appellee from the decree cancelling the deed from Durbin to Myers and the appellants from the decree as to the rate of interest allowed appellee, Durbin.

*R. H. Dudley,* for appellants.

1. An agreement, absolute, to sell land can not be rescinded by parol. 55 Ark. 873; 57 *Id.* 632; 37 *Id.* 145; 91 *Id.* 133.

2. Myers was not an innocent purchaser.

3. The court erred in allowing compound interest

at eight per cent, and ten per cent on the taxes paid. 36 Ark. 476; 32 *Id.* 571; *Ib.* 612; 31 *Id.* 626; 46 *Id.* 87; Kirby's Digest, § 5380; 57 Ark. 550.

*S. Hunter,* for appellees.

1. This was not a loan. The agreement to pay compound interest was agreed upon in the contract of sale. There was no usury. 55 Ark. 268; *Id.* 265; 53 *Id.* 271. Besides, this was a suit for specific performance of the contract as made.

2. The contract was void under the statute of frauds, and was never taken out of the statute by part performance. 79 Ark. 104; 1 *Id.* 391.

3. The appellants were barred by laches. Eaton on Equity, 52; 36 Cyc. 721; 11 Idaho, 64; 138 N. Y. 345; 79 W. Va. 148.

4. No damage has been sustained by appellants. 113 Pac. 774; 34 Ark. 663.

5. The contract was mutually repudiated and abandoned. 23 Ark. 653; 1 Cyc. 1047.

6. There has been no such part performance as to take this case out of the statute of frauds. 1 Ark. 391; 19 *Id.* 23; 32 *Id.* 478. The conditions have so changed that it would be an injustice to decree specific performance. 16 Ark. 271; 16 Cyc. 150.

Wood, J. (after stating the facts). That there was a contract for the sale of the land from Durbin to Bell, as alleged in the complaint, is conclusively shown by certain letters of Durbin introduced in evidence. These letters acknowledge the sale of the land to Bell and asked for payments on the land. It could serve no useful purpose to set them out in detail. These letters, taken in connection with the other evidence establishing the fact that Chas. H. Bell, after the alleged contract, remained in possession of the land during his lifetime, and that for six or seven years after his death his widow and children continued in possession, tend strongly to support the finding of the chancellor that there was a sale of the land as alleged in appellant's complaint.

Appellee, Durbin, contends that several years after the alleged contract of sale, and while Bell was still in possession of the land, by mutual agreement the contract of sale was rescinded, and that it was understood that Bell was to remain in possession of the land from that time on as his tenant. But there was no written contract for the rescission; there was no visible and actual abandonment of the possession of the land by Bell to Durbin under such alleged contract of rescission, and nothing to indicate any change in the possession so as to show that the property had been restored by the vendee, Bell, to the vendor, Durbin.

The contract of sale between Durbin and Bell, as alleged and proved, was absolute, and therefore the alleged rescission of the contract of sale, under a decided preponderance of the evidence, comes clearly within the statute of frauds. *Friar* v. *Baldridge,* 91 Ark. 133. The decree of the court was therefore correct in holding that there had been a sale of the land from Durbin to Bell, and that there had been no rescission of this sale, and in decreeing that Durbin, upon the payment to him of the balance of the purchase money and taxes, (which, with interest included, aggregated the sum of $877.58,) make to the appellants a deed.

The court also was correct in holding that Myers was not an innocent purchaser of the land from Durbin. The widow and heirs of Bell were in possession of the land at the time of the alleged sale of same from Durbin to Myers. Durbin had no interest in the land that he could convey, and Myers was put on notice by the possession of appellants, and therefore he could not have been an innocent purchaser. The decree cancelling his deed was therefore correct.

Appellee, Durbin, did not set up laches in the court below as a defense to the suit for specific performance. The evidence was not developed with reference to such defense, and the case was not presented on that theory to the trial court; therefore, he should not be allowed to take advantage of such defense here for the first time.

Appellants are therefore not barred by laches from maintaining their suit for specific performance.

Appellants contend that the decree was erroneous in charging them with compound interest, but we find no error in this particular.

The agreement to pay compound interest at the rate of eight per cent and ten per cent on taxes paid was in accord with the terms of the contract of sale as a consideration for the land. Appellants are seeking a specific performance of that contract. They can not have their cake and eat it, too. If they wish the contract performed on appellees' part, they must perform it on theirs.

Finding no error, the judgment is affirmed.