## HARGIS *v.* LAWRENCE.

### Opinion delivered June 24, 1918.

1. ACTION—JOINDER OF CAUSES.—Where one piece of land was conveyed to one as trustee for a church, and an adjoining piece was conveyed to another as trustee for same church, causes of action by the two trustees to quiet title to both tracts, and to reform a deed as to one of them, were properly joined.

2. QUIETING TITLE—JOINDER OF PARTIES.—Where one tract of land was conveyed to one as trustee for a church, and an adjoining piece was conveyed to another as trustee for the same church, an action to quiet title to both pieces and to reform the deed to one of them was not objectionable for misjoinder of parties.

3. QUIETING TITLE—EFFECT OF CONFIRMATION AS TO PARTIES IN POSSESSION.—Where title is sought to be confirmed under general notice by publication provided for by the confirmation act, under Kirby's Digest, § 656, a decree under the confirmation act shall not bar or affect the rights of any person who was an adverse occupant of the land at the time the petition was filed; and the rights of such parties are not affected by Kirby's Digest, § 657, providing that any person may within three years appear and set aside the decree, if he offer a meritorious defense.

4. REFORMATION OF INSTRUMENTS—PARTIES.—Where the grantor in a deed is dead, and his heirs have conveyed all their interest in the land, such heirs are not necessary parties in a suit to reform the grantor's deed.

5. DEED—CONSIDERATION.—A conveyance of land in consideration that the grantee build a structure for church and school purposes, which was done, is supported by a consideration.

6. ADVERSE POSSESSION—EXTENT.—One in possession of a portion of a tract of land under color of title is in actual possession of all the land within the calls in his deed.

7. ADVERSE POSSESSION—CONSTRUCTIVE NOTICE.—Where a church was given a deed for three acres out of a forty-acre tract, but the deed misdescribed the forty-acre tract, one who purchased the forty

acres which the church understood it had bought, and upon which it had built, had sufficient constructive notice to put him on notice as to the extent of possession claimed by the church.

8.  Adverse possession—payment of taxes.—Payment of the taxes on land by a grantee thereof will not avail him as constructive adverse possession thereof as against a person in actual adverse possession thereof.

Appeal from Carroll Chancery Court, Western District; *Ben F. McMahan,* Chancellor; affirmed.

*Festus O. Butt,* for appellant.

1.  Appellees are barred by the decree of confirmation in 1903. Kirby's Dig. § 656-7; 188 S. W. 810.

2.  The cause should have been dismissed because of want of capacity in appellees to sue. The proof wholly fails to show any individual interest in the two individuals named as plaintiff. Bradley *had* been a trustee, but Lawrence was not; neither had he any individual interest.

3.  The decree is erroneous as to the three acre tract because it was in effect a reformation of a deed of gift, to which neither the grantor nor his heirs were parties and because the preponderance of the evidence does not show any legal adverse possession by appellees. 200 S. W. 797; Kirby's Dig. § 763; 30 Ark. 640; 89 *Id.* 453; 40 *Id.* 237.

4.  It was erroneous as to the one acre tract because appellees' title, under its deed had been lost through adverse possession by appellant. 118 S. W. 414; 201 *Id.* 118; 200 *Id.* 1014.

5.  It was erroneous as to the road sought because the court had no jurisdiction of that question since it was at the time pending in the county court.

*C. A. Fuller,* for appellees.

1.  Appellees were not barred by the decree of confirmation in 1903. Appellees were in the open, notorious, adverse and peaceable possession of the cemetery and church house and ground. Kirby's Dig. § 656. Cemetery, school and church property is not subject to taxation and was not taxed since 1878. Appellant's grantor

therefore could not have the title confirmed in 1903 on the theory that he had paid seven years' taxes and appellees were not parties to the suit, but were in adverse possession.

2. Appellees had the capacity to sue as trustees and individuals as the evidence shows.

3. The description in the deed was properly reformed to speak the truth, and appellees are entitled to have the title vested in them because of adverse possession for 35 years.

4. Appellees were and had been in adverse possession, under color of title, for more than the statutory period, 20 years. 30 Ark. 640.

5. There is no evidence that any petition for the road was pending in the county court. The land was donated by Bradley in 1878 and appellees had complied with the terms of the gift. The possession extended to the limits of the boundaries of the grant. 74 Ark. 484; 96 *Id.* 606. Adverse possession for more than seven years under a void deed for want of proper description is sufficient to invest title. 85 Ark. 4. Possession is equivalent to notice. 76 Ark. 25. The decree is right.

HUMPHREYS, J. W. H. Lawrence and Alfred M. Bradley, as trustees for Carmel Baptist Church, and in their individual capacities, brought suit against Abe Hargis in the chancery court for the Eastern District of Carroll County to reform an alleged misdescription of the land in a deed executed by B. K. W. Bradley and A. J. Bradley, to Anderson Cox, Spencer B. Hulsey and Alfred M. Bradley on the 29th day of October, 1887; and an alleged error in designating the grantee in a deed executed by the heirs of B. K. W. Bradley, deceased, to W. H. Lawrence on the 3rd day of January, 1899; and to quiet the title to the lands in them as trustees for said Carmel Baptist church, and to prohibit appellant from interfering with the organization's possession of said tracts of land and the use of the road leading from the county road to the church and cemetery. The alleged erroneous

description in the first deed consisted in conveying the lands in the S. W. quarter of the N. W. quarter, instead of the S. W. quarter of the N. E. quarter, and in specifying in the metes and bounds description by full chains instead of half chains. The alleged error in the second deed consisted in conveying the land to W. H. Lawrence individually, instead of as trustee for the Carmel Baptist Church. The complaint alleged ownership of the lands in appellees as trustees for the Carmel Baptist Church, and that appellant was claiming ownership therein and was attempting to interfere with their possession of the three-acre tract intended to be conveyed by the first deed, and the one-acre tract conveyed by the second deed, and that the Carmel Baptist Church, through its trustees, had been in the actual, adverse possession of the one-acre tract for graveyard purposes and the three-acre tract for church purposes since 1887. Appellant filed answer denying ownership of either tract of land in appellees and claiming title himself to both tracts under deed of conveyance from W. H. Wells of date March 12, 1906. The cause was submitted to the court upon the complaint of appellees, answer of appellant and depositions of witnesses, from which the chancellor found that appellees, as trustees, were owners of both tracts of land for the Carmel Baptist Church, and, in accordance therewith quieted the title to said real estate in appellees. An appeal has been lodged in this court and the cause is before us for trial *de novo*.

The facts, in substance, are as follows: In the year 1872, certain citizens residing about five miles northeast of Green Forest in Carroll County organized the Carmel Baptist Church. In 1887 B. K. W. Bradley agreed to convey to the trustees of said organization three acres of land in the southwest quarter of the northeast quarter in section, township and range aforesaid, with the understanding that the commissioners would erect thereon a building for church and school purposes. In keeping with that understanding, a conveyance was attempted but the tract was misdescribed and placed in another 40

acre tract and described by metes and bounds as a 12
acre tract instead of a three acre tract, due to the use of
full chains instead of half chains in the description. Such
a building was immediately placed upon the three acres
agreed upon by the organization and was used contin-
uously for church and school purposes for the organiza-
tion until some five or six years ago, and since that time,
for said purposes at intervals. The reason it has not
been used continuously for the last five or six years was
on account of a disagreement in the organization. The
organization is intact, having never disorganized. Alfred
M. Bradley, now 82 years of age, helped build the church
and is still a trustee for the organization. W. H. Law-
rence is commissioner by succession to Anderson Cox who
was one of the original trustees. At about the same
time, B. K. W. Bradley agreed to convey a part of the
S. W. quarter of the N. E. quarter of section 26, town-
ship 20 north, range 23 west, containing, within definite
metes and bounds, one acre of land for cemetery pur-
poses. The acre tract was marked off and large stones
set up at each corner. The organization began to use
the tract for burial purposes. It has been used for a
community burial ground since that time. B. K. W.
Bradley died before he executed the deed to the acre tract,
but all of his heirs joined in a deed on the 3rd day of
January, 1899, particularly describing said tract, to W.
H. Lawrence, who testified that while the deed was made
to him individually, the intention was that he should re-
ceive it as trustee for the Carmel Baptist Church. Law-
rence agreed with B. K. W. Bradley to pay the expense of
making the deed and recording same, which he did. The
deed was misplaced and not recorded until after appellant
purchased the entire tract of land. During the period
from the execution of the deed until the institution of
this suit, thirteen people had been buried in the graveyard
covering a portion of the tract to the extent of 14 by 40
feet. That portion of the acre had been fenced and had
been cleaned off from year to year. About two years
before the institution of this suit, a two-wire fence was

built around the entire three-acre tract. A road branching off of the main road leading to the church and graveyard had been used by the community generally from the time the church was built and the graveyard established until a short time before the institution of this suit. This road had been obstructed by Abe Hargis, and appellees had an application pending in the county court for the establishment of a public road along the route of the old road leading to the church at the time they instituted this suit. In the year 1906, appellant, without actual notice that appellees claimed the graveyard and church property, purchased the entire tract of land, of which the one-acre and three-acre tracts composed a part, from W. H. Wells, who had obtained his title through mesne conveyances from B. K. W. Bradley, who was the common grantor. In 1903 W. H. Wells had his title to the entire tract quieted under the confirmation act, but neither appellees nor the organization which they represented were made parties to the confirmation suit. Immediately after purchasing the entire tract, he began to pay the taxes on the whole tract and continued thereafter to do so, and put up a notice to the public on the acre tract not to use same for burial purposes, and asserted a claim to the graveyard and church properties and the road passing over the tract leading to said properties, but did nothing further in the way of taking actual possession of the graveyard and church tracts of land. The notice was immediately torn down by W. H. Lawrence and he testified that the public continued in the future as in the past to clean the graveyard off yearly and that about two years before the institution of this suit he put a two-wire fence around the entire one-acre tract. Some five or six years before the institution of the suit, a dissension arose in the organization and it dispensed with the regular pastor, but the building was used at intervals for school purposes, and occasionally for church purposes up to about two or three years before the institution of the suit. The church building at the time of the institution of the suit was in a dilapidated condition. The

roof was leaking, the windows were broken out and a part of the ceiling had fallen. On account of a quarrel in the organization, the building had not been used some two or three years before the institution of the suit for church or school purposes.

Appellant contends that appellees were without capacity to institute this suit. It is said that the church must have had some method of choosing successors to its trustees. It was testified by the church clerk that the church possessed a minute book. It is surmised that the minute book would have contained the election of trustees in succession and that it was the best evidence to establish that Lawrence was a trustee in succession. The record does not disclose how the trustees were elected or what record was kept of the election, but we deem it unnecessary to go into that feature of the case as W. H. Lawrence was the grantee in the deed to the one-acre tract and Alfred M. Bradley was the trustee in the deed intended to convey the three-acre tract. The lands are adjoining, are claimed by the same party, and, had the suits been prosecuted in the same court separately, it would have been proper, under our broad consolidation statute, to have consolidated these cases. Hence we do not think that there was a misjoinder of parties or causes of action.

It is contended that appellees were barred from their action by the decree of confirmation obtained in 1903 under the general act for the confirmation of titles. Appellees were in actual, adverse possession of both tracts of land, claiming title, at the time the confirmation suit was instituted and were not made parties to the suit. The title was confirmed under general notice by publication provided by the act. It is provided in section 656, Kirby's Digest, that a decree under the confirmation act shall not bar or affect the rights of any person who was an adverse occupant of the land at the time the petition was filed. Appellant contends that because it is provided in section 657 of Kirby's Digest that any person may appear within three years and set aside the decree

if he shall offer to file a meritorious defense, and because appellees did not appear within that time and file their defense, they are barred. Section 657 does not have reference to the parties mentioned in section 656, who are occupying the lands adversely at the time a confirmation suit is instituted. The parties referred to in section 657 are parties other than those mentioned in section 656 who might have a meritorous defense. It is contended that the court erred in indirectly reforming the deed to the three-acre tract so as to describe the land intended to be conveyed, because the grantor or his heirs were not made parties. The grantor is dead and can not be made a party, and his heirs conveyed all their interest in both tracts of the real estate after his death, so they have no interest in the land and are not proper parties. The only parties claiming any interest in the lands involved in the suit are appellant and appellees, and, consequently, are the only necessary parties in the suit for a reformation. It is insisted, however, that no reformation can be had to the three-acre tract because it was a deed of gift. The contention is not sound because there was a consideration for the gift. The consideration was that the donee should build a church building for church and school purposes, which was fully executed. It is said that no reformation could be had in any event so as to include more land than was actually covered by the house on the three-acre tract and by the graveyard on the one-acre tract, because, it is said, appellant was an innocent purchaser. As to the one-acre tract, the donees were in actual possession of a part of the tract, to-wit: 14 by 40 feet, under deed properly and correctly describing the entire acre tract. One in possession of a portion of a tract of land under color of title is admitted to be in actual possession of all the land within the calls in his deed. *Crill v. Hudson,* 71 Ark. 390; *Haggart v. Ranney,* 73 Ark. 344; *Moorehead v. Dial,* 134 Ark. 548.

It is true that the donee in the three-acre tract did not have a deed which constituted color of title for the reason that it did not sufficiently describe the land and

that the organization had not done more than construct a church building on the tract. If this were an attempt on the part of the donees to establish title by adverse possession alone, appellant would be correct in his contention. Appellees were in possession in the instant case, claiming title under contract from a grantor in the chain of appellant's paper title. They had built a church building under contract that if they would build such a building appellant's grantor would convey them a fee title to three acres. This building was built in accordance with the contract and was being used by appellees for church and school purposes, as provided in the contract, when appellant purchased the entire tract upon which the three-acre tract is located. Appellees' possession was constructive notice to appellant and sufficient to put him upon inquiry as to the character of title and extent of possession claimed by appellees. It was his duty to see the building at the time he purchased the land, and, treating him as seeing the building, he must have known that a church building located on land in a country community carried a claim to more land than the building itself actually occupied. It was notice to him that in all probability the owners of the school and church building claimed a reasonable amount of land around it for school and church purposes. If he had made inquiry, he would have discovered that the owners of this particular building claimed three acres of land around it. The evidence is insufficient to show that appellant took actual possession of either the one or three acre tract, and therefore, his contention that he has acquired title by adverse possession can not be sustained. Nor will his deed to the whole tract covering the one and three acre tracts, and payment of taxes thereon, avail him as against a person in actual, adverse possession.

No error appearing in the record, the decree is affirmed.