CLINTON SCHOOL DISTRICT No. 1 *v.* HENLEY.

4-8397                                                   207 S. W. 2d 713

Opinion delivered January 12, 1948.

Rehearing denied February 16, 1948.

*Opie Rogers,* for appellant.

*John G. Watts,* for appellee.

ROBINS, J.   This suit was instituted in the chancery court by appellant, Clinton Special School District No. 1 of Van Buren County, against appellees, Arlie and Vendis Henley, husband and wife, to restrain appellees from trespassing upon a one-acre tract in Clinton, ownership of which appellant asserted, to reform description in the deeds through which appellant claimed, and to quiet its title.

By an amendment to the complaint, appellant asked that Alice Ragsdale (now Keeling), Hazel O'Dell Renfroe, Ada Duncan Olson and Archie Tipton, who had executed deeds through which appellant deraigned title, and Ottis Autry and Leah Autry, who, appellant alleged, through mistake, had conveyed the tract by deed to appellees, Arlie Henley and Vendis Henley, be made parties; and reformation of all these deeds was prayed by appellant.

Appellees, Arlie and Vendis Henley answered, denying all allegations of the complaint as to a mistake in the description in the several deeds and asserting ownership of the land by virtue of a deed executed to them by Ottis B. Autry and Leah Autry.

Ottis and Leah Autry, who had been made parties on appellant's amendment to its complaint, answered, admitting that they had made an error in the description in the deed executed by them to appellees Henley and wife, and consenting to a decree reforming the deed, as prayed by appellant, so as to exclude the tract in controversy.

The lower court found the issues in favor of appellees and dismissed appellant's complaint. This appeal followed.

Appellant and appellees deraigned their title through a common source, Mrs. Alice Keeling (formerly Mrs. Alice Ragsdale). Appellant holds conveyance executed to it by Beulah Tipton on September 11, 1937. Beulah Tipton obtained conveyance therefor from Ada Duncan (now Olson) on September 7, 1937. Ada Duncan held a deed executed to her by Hazel O'Dell (now Renfroe) on April 17, 1937; and Mrs. Alice Ragsdale had executed deed to Hazel O'Dell on January 30, 1935.

The evidence is undisputed that the land was incorrectly described in all these conveyances in appellant's chain of title. Under these deeds the land was described as being exactly one-fourth of a mile north of where it is actually located, and where all parties to said conveyances intended to locate it by the description in the several deeds. This error occurred by the scrivener of each deed erroneously fixing the starting point as being the northeast corner of the northeast quarter of the southeast quarter of section 15, instead of at the northeast corner of the southeast quarter of the southeast quarter of said section 15, where this starting point actually was.

Appellees made no effort to disprove the testimony offered by appellant to show this evident error in description in deeds constituting its chain of title, but their

defense was that they actually bought the land in dispute and obtained deed therefor, and at the time they purchased it they had no notice of appellant's claim of ownership. The above mentioned deeds through which appellant deraigned title were not recorded until after appellees bought.

Appellant introduced witnesses, among them officials of the school district, who testified that the district, on obtaining its deed from Mrs. Tipton, took possession of the tract in dispute and used it as a playground for children attending grammar school located immediately adjacent. This testimony was in no way contradicted. Appellees admit that when they bought there was on the disputed tract a goal post such as is used in basketball games, but appellee, Arlie Henley, said that he was told that one of the neighbors had fixed the place up as a playground for the children.

We have often held that actual possession of real estate is notice to the world of the claim or interest of the one in possession, regardless of whether such claimant has on record a written instrument creating in him an interest or title. *Hardy* v. *Heard, et al.,* 15 Ark. 184; *Sisk* v. *Almon, et al.,* 34 Ark. 391; *R. G. Atkinson & Co.* v. *Ward,* 47 Ark. 533, 2 S. W. 77; *Sproull* v. *Miles,* 82 Ark. 455, 102 S. W. 204; *Barrett* v. *Durbin,* 106 Ark. 332, 153 S. W. 265; *Naill* v. *Kirby,* 162 Ark. 140, 257 S. W. 735; *Dunford* v. *Dardanelle & Russellville Railroad Company,* 171 Ark. 1036, 287 S. W. 170; *Hargis* v. *Lawrence,* 135 Ark. 321, 294 S. W. 755.

We conclude that the possession of the school district of the tract involved was open and notorious and was such as to put appellees on notice of appellant's claim of ownership. An investigation of the claim under which appellant was using the tract as a playground and basketball court would have disclosed the fact—virtually conceded—that appellant had bought and paid for this tract, and the further fact that it was not in reality a part of the property which the Autrys purposed to sell and convey to appellees.

It follows that the lower court erred in dismissing appellant's complaint; and for this error the decree appealed from is reversed and the cause is remanded with directions to grant appellant the relief prayed in its complaint.