Marsh *v.* Marsh.

4-8525                                    210 S. W. 2d 811

Opinion delivered April 26, 1948.

Rehearing denied May 24, 1948.

*Dinning & Dinning,* for appellant.

*Peter A. Deisch,* for appellee.

McHaney, Justice. This action was brought by appellee against appellants for specific performance of an alleged oral contract made in 1936 to convey 20 acres of land, described as the N½ of N.E. N.E. section 21, 1.S. 1.E., in Phillips county, Arkansas, to him. He alleged that he entered into possession of said 20 acres and cleared a part of it in 1936 and 1937 and that he has been in the actual possession of said tract since 1936 and had paid the full purchase price agreed upon, including general and improvement district taxes; that in 1943 appellant Vagious Marsh advised him that he was still indebted to said appellant in the sum of $43.50, which

sum he paid by check which bore a notation to the effect that it was in settlement of the purchase price of said 20-acre tract, so described as above; that the final payment was made by check on February 24, 1947, in the sum of $44.25 which bore a similar notation; and that said appellant refused to convey, but offered to convey, in lieu of the 20-acre tract above described and which it was agreed should be conveyed, another 20-acre tract of inferior quality to that bought.

The answer denied any agreement as to the 20-acre tract claimed by appellee. He alleged that "owing to the fact that the plaintiff and defendant are brothers, and that he has a natural affection for the plaintiff, he agreed with the plaintiff to convey to him the following described 20 acres of land, to-wit: "E½ E½ E½ NE 21-1S-1E.''

Trial resulted in decree which found the facts in favor of appellee, that is, that appellee and appellant did have an oral contract for the purchase and sale of the 20-acre tract first above described herein, that appellee occupied said land and made valuable improvements thereon, paid the agreed purchase price, and has complied with all the terms of said contract, and, therefore, ordered specific performance.

As above stated, this is a suit between brothers. Both are Negroes and appear to have some attachment for each other. We think the evidence supports the findings and decree of the court. It is undisputed that they had an agreement for the purchase by appellee of a 20-acre tract from appellant in said section 21. The dispute is as to which 20 acres. Appellant says it was the E½ of the E½ of NE¼ of said section, while appellee says it was the N½ of the N.E. N.E. of said section 21. Appellee is corroborated as to the correct description by his two checks, one dated March 1, 1943, for $43.50, bearing the notation: "For 20 acres of land N½ of NE¼ of NE¼ S21, 1S, 1E,'' and the other dated February 24, 1947, for $44.25, bearing the notation: "In full payment on 20 acres of land.'' This latter notation evidently has

reference to the description noted on the former check. These checks were endorsed and cashed by appellant without any question of or objection to the description, and we think they are sufficient to take the alleged oral sale out of the statute of frauds, § 6059, Sub-section 4, Pope's Digest, even though possession had not been established, and that the evidence is thus made clear and convincing as to what tract was to be conveyed.

After the oral agreement was entered into, but before suit was brought, appellant Vagious conveyed the tract here involved and other land in the same section to his wife. When this fact appeared, she was made a party defendant with her husband. The evidence tends to show the wife knew all about the transaction between her husband and appellee. It is also true that appellee was in possession of said tract, a fact of which she was bound to take notice. *Clinton School Dist.* v. *Henley,* 212 Ark. 643, 207 S. W. 2d 713.

The decree is correct and is, accordingly, affirmed.