McClelland v. McClelland.

4-9512                                          241 S. W. 2d 264

Opinion delivered July 2, 1951.

F. O. *Butt,* for appellant.

J. E. *Simpson,* for appellee.

ED. F. McFADDIN, Justice. This is a controversy between two brothers: each has a deed from their father. G. W. McClelland owned in excess of 1,200 acres of land. By various instruments, he conveyed most, if not all, of his lands to the appellant and the appellee; and there is no dispute except as to the two tracts now to be discussed.

Appellant's deed from G. W. McClelland was dated in 1939 and recorded in 1942, and contains this description:

"Part of Southwest Quarter (121 acres) Section 13; . . . and Part of Northeast Quarter of Northeast Quarter (10 acres) Section 23; all in Township 21 N. R. 25 W. and . . . Subject to existing mortgage thereon. A life estate therein is hereby reserved to the grantor."

Appellee's deed from G. W. McClelland was dated in 1945 and recorded in 1950, and contains this description:

". . . SW¼ Sec. 13 . . . and 10 acres in NE¼ NE¼ Sec. 23, all in Twp. 21 N. R. 25 W. . . .; all subject to mortgage to Federal Land Bank of St. Louis . . . A life estate in said lands is reserved and retained by the grantor . . ."

After the death of G. W. McClelland, Roy McClelland (appellant) filed suit against Elwin McClelland (appellee) praying, *inter alia:*

"WHEREFORE plaintiff prays that . . . the aforesaid deed, to defendant dated Sept. 11, 1945, recorded Jan. 14, 1950 . . . be by the court found and declared to be of no force and effect, and that said deed and the record thereof be cancelled as a cloud on the title of plaintiff, and that plaintiff's title to all the lands here-

in first described and claimed by plaintiff be quieted, established and confirmed against defendant; . . . and for all other necessary and proper and general relief.''

Upon issued joined, the Chancery Court, after a patient and extended hearing, made this finding:

''That plaintiff's said deed included a description, to-wit: Part SW¼ Sec. 13, 121 acres, and Part of NE¼ NE¼ (10 acres) Sec. 23, in said township and range, and that same were not legal descriptions, and that said deed to plaintiff is void in so far as it pretended to and did purport to convey any lands in said SW¼ Sec. 13 or any lands in NE¼ NE¼ Sec. 23 aforesaid. That the said deed to defendant above mentioned described definite lands in SW¼ Sec. 13 and in NE¼ NE¼ Sec. 23 aforesaid, by valid and legal descriptions; and by reason thereof the said deed to defendant is superior and paramount to the said deed to plaintiff as to all said lands in said Section 13 and in NE¼ NE¼ said Section 23; . . .''

From a decree entered in accordance with the foregoing findings, Roy McClelland has appealed, contending (a) that he showed by evidence exactly what lands his father owned and intended to convey to him in the 1939 deed, and (b) that the Chancery Court should have reformed the descriptions in his said deed.

I. *Appellant's Title.* The burden was on appellant— out of possession—to recover on the strength of his own title. See *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660. But the descriptions in the appellant's deed concerning the two tracts herein involved were insufficient to describe definite lands and were therefore void, and the recording of the deed constituted no notice: see *Adams* v. *Edgerton,* 48 Ark. 419, 3 S. W. 628; *Neas* v. *Whitener,* 119 Ark. 301, 178 S. W. 390, L. R. A. 1916A, 525; *Evans* v. *Russ,* 131 Ark. 335, 198 S. W. 518; *Bunch* v. *Crowe,* 134 Ark. 241, 203 S. W. 584; and *Moore* v. *Jackson,* 164 Ark. 602, 262 S. W. 653. G. W. McClelland retained possession of the lands after making the deed to the appellant. Appellee had no notice, actual or constructive, of appellant's deed and became a *bona fide* purchaser under his own deed. Therefore appellant was not

entitled to reformation against appellee under the authority of the cases just cited.

II. *The Appellee's Title.* The appellee's deed contained a legal description of the Southwest Quarter of section 13; and so he needed no reformation to make his deed valid to such tract. When the Court dismissed appellant's claim, appellee's deed remained valid as to the lands in section 13.

But appellee's deed contained an insufficient description as to the tract in section 23, since the deed said "10 acres in NE¼ NE¼ Sec. 23." Appellee was not entitled to have his deed reformed or his title confirmed as to such ten acre tract because all of the heirs of G. W. McClelland were not parties to this suit. The general rule is that in a suit to reform a deed, the grantor, or his heirs, or those claiming under him, are necessary parties. See *Oliver* v. *Clifton,* 59 Ark. 187, 26 S. W. 817; *Ward* v. *McMath,* 153 Ark. 506, 241 S. W. 3; and *Hayes* v. *Gordon,* 217 Ark. 18, 228 S. W. 2d 464. G. W. McClelland died intestate, survived by four sons, only two of whom are parties to this suit. Until all the heirs of G. W. McClelland be made parties, there can be no decree of reformation, since this case does not fall within the exceptions recognized in either *Hargis* v. *Lawrence,* 135 Ark. 321, 204 S. W. 755, or *Hayes* v. *Gordon (supra).* The Chancery Court should have dismissed appellant's complaint as to the ten acre tract, and also left appellee without confirmation of his title thereto. See *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660.

Therefore, the Chancery decree is affirmed in all respects, except as to the confirmation of appellee's title to the lands in section 23. Appellee's possession is left undisturbed, but so much of the decree, as confirmed his title to the lands in section 23, is reversed and remanded with directions to vacate the decree of confirmation, but without prejudice to the appellee to later seek confirmation upon filing suit against all necessary parties. The Chancery Court order as to costs in that Court is affirmed. All costs of this appeal are adjudged against appellant.