SMITH *v.* ROSE COURTS, INC.

4-9616                                              246 S. W. 2d 554

Opinion delivered March 3, 1952.

*Lee Miles* and *A. F. House,* for appellant.

*John R. Thompson* and *Thomas J. Bonner,* for appellee.

WARD, J.   This suit involves the right to erect and maintain a large electric sign, and the right to reform a lease.

On March 27, 1951, appellee, Rose Courts, Inc., filed a complaint alleging in substance it was the owner of Lot 6 and a strip of land (specifically described) about 30 feet wide lying along the south side of Lot 6, Block 41, Bragg's Second Addition to the City of Little Rock, and that it was constructing on said strip a tourist court; that appellant, Judson H. Smith, was operating a drive-in beer and restaurant business on said Lot 6; that it [Rose Courts, Inc.] was in the process of erecting, pursuant to Ordinance No. 8610, a large electric sign adjacent to Lot 6 and to appellant's place of business; and that appellant was threatening to obstruct or destroy said sign and prayed for injunctive relief.

Judson H. Smith answered and in substance stated: that he was in possession of Lot 6 under a lease from Aline E. Britt dated September 28, 1948; that it was his

intention and Mrs. Britt's intention that said lease should embrace not only Lot 6 but the above described strip of ground adjoining it on the south end; that the last named portion of land was left out by mutual mistake; that said ordinance is void because (a) it is uncertain and indefinite, arbitrary and capricious, (b) it is an illegal discrimination in favor of property owners, (c) it creates a public nuisance, and (d) it violates Art. II, § 22 and Art. II, § 18 of the Constitution and the 14th Amendment to the Constitution of the United States; that said sign would cause him to suffer special damages because it was being erected near the entrance and two windows of his building, it would divert persons entering his place of business, it would make it inconvenient for him to operate his business, and would divert attention from his own electric sign. The prayer was that Rose Courts, Inc., be permanently enjoined from erecting said sign, and that his lease from Mrs. Britt be reformed. The lower court decided both issues against appellant.

It is our opinion that appellee should be enjoined from erecting the sign near the property leased and occupied by Smith. The proof sustains appellant's allegations of special damages. The proposed sign will cost around $5,000; the top of the sign would be approximately 27 feet from the ground; it will be supported by poles eight inches in diameter set in concrete; and the poles will be located on Bragg Street which bounds said Lot 6 on the west. The plat introduced in evidence shows the west wall of appellant's building to be located near the east side of Bragg Street and also near Roosevelt Road which bounds Lot 6 on the north. Appellant's building is only about 16 feet high. Testimony on behalf of appellant is to the effect that the erection of the proposed sign would interfere with the usual parking of customers' cars on Bragg Street and with the unloading of supply trucks, that it would make less noticeable and attractive his own sign which he has erected to attract customers, and that, being at the corner of Bragg Street and Roosevelt Road, it would obscure the view of his place of business to those approaching from the east.

From the above we are led to conclude that appellant will, if the said sign is erected, suffer special damages to his business separate and distinct from any damages which the general public might suffer. This being true he is entitled to have the erection of the sign enjoined notwithstanding Ordinance No. 8610 mentioned above, which specifically authorized appellee "to erect a sign ten feet south of the southeast corner of Roosevelt Road and Bragg Street."

It is well established by the decisions of this court and other courts that, under facts and circumstances such as obtain here, a private individual who can show special damages may obtain injunctive relief. *Wellborn* v. *Davies,* 40 Ark. 83; *Arkansas River Packet Co.* v. *Sorrels,* 50 Ark. 466, 8 S. W. 683; *Langford* v. *Griffin,* 179 Ark. 574, 17 S. W. 2d 296; *First National Bank* v. *Tyson,* 133 Ala. 459, 32 So. 144, 59 L. R. A. 399; and *Van Witsen* v. *Gutman,* 79 Md. 405, 29 A. 608, 24 L. R. A. 403.

Appellant also asks this court for a reversal of the lower court because it refused to reform the lease he held from Mrs. Britt. Appellant was not entitled to have the lease reformed for the reason that Mrs. Britt was not made a party to the suit. See *Brodie* v. *Skelton,* 11 Ark. 120; *Goldsmith* v. *Stewart et al.,* 45 Ark. 149; *Knight* v. *Glasscock,* 51 Ark. 390, 11 S. W. 580; *McClelland* v. *McClelland,* 219 Ark. 255, 241 S. W. 2d 264. We hold, however, that appellant, if he so desires, may have the issue of reformation tried in a cause where all necessary parties are joined, as provided in *Oliver* v. *Clifton,* 59 Ark. 187, 26 S. W. 817; and *Ward* v. *McMath,* 153 Ark. 506, 241 S. W. 3.

For the reasons stated above this cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Justice GEORGE ROSE SMITH not participating.