SPICER *v.* SPICER.

5-1153                      297 S. W. 2d 931

Opinion delivered January 28, 1957.

*Henry B. Whitley,* for appellant.

*Keith, Clegg & Eckert,* for appellee.

GEORGE ROSE SMITH, J. In 1947 the appellant, Frank W. Spicer, brought this suit to reform a deed which he and his mother, Daisy Spicer, had made to the appellees in 1946. A summons was issued and apparently served, but for reasons not explained by the record the case was allowed to lie dormant for several years without any pleading having been filed by the defendants. In 1956 the appellees demurred to the complaint, upon the ground that Daisy Spicer is a necessary party to the suit, that she has not been made a party, and that the suit is therefore barred by limitations. This appeal is from an order sustaining the demurrer and dismissing the case.

The complaint alleges that on February 1, 1946, the plaintiff owned an undivided one-fourth interest in certain land, subject to the dower of Daisy Spicer. On that date the plaintiff and Daisy Spicer signed a quitclaim deed conveying the land to the defendants. Because the person who was to prepare the deed was busy Spicer signed it in blank, with the understanding that it would be completed later and that his oil and gas interest would be reserved by him. It is asserted that by mutual mistake the reservation of the plaintiff's oil and gas interest was not inserted when the blank form was filled in. The prayer is that the deed be canceled for want of de-

livery, or, in the alternative, that it be reformed to include the reservation of the plaintiff's mineral interest.

An entire complaint is not demurrable if any good cause of action is stated. *Mortensen* v. *Ballard,* 209 Ark. 1, 188 S. W. 2d 749. In our opinion this complaint does not show on its face that the alternative cause of action for reformation is barred. Needless to say, the appellees do not suggest that the appellant's right to reformation of the 1946 deed was already barred when this suit was filed in 1947. They merely insist that Daisy Spicer is a necessary party and that the plaintiff waited too long before bringing her into the case.

The trouble with this argument lies in its assumption that Daisy Spicer is a necessary party. As a general rule it is true that the grantors must be joined in a suit to reform a deed, but this is because each grantor is ordinarily a real party in interest. *Oliver* v. *Clifton,* 59 Ark. 187, 26 S. W. 817. With respect to the subject matter of this litigation the appellant was the sole grantor, for he alone had any interest in the mineral reservation that is said to have been overlooked. Daisy Spicer joined in the deed for the purpose of conveying a separate property right — her vested dower as the widow of H. F. Spicer. As far as the complaint shows, Daisy Spicer is a stranger to this controversy; she has no pecuniary interest that can possibly be affected by a decree for or against the plaintiff. In these circumstances the rule that the grantors must be joined does not require that she be made a party to the suit. See *Hargis* v. *Lawrence,* 135 Ark. 321, 204 S. W. 755.

Reversed, the demurrer to be overruled.