DICKSON *v.* WOLFE.

5-2837                                    362 S. W. 2d 427

Opinion delivered December 10, 1962.

*Clifton Bond,* for appellant.

*D. A. Clarke,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellants filed this suit, seeking to reform a deed they had executed to the appellees on August 10, 1959. After a lengthy hearing the Trial Court denied the prayed relief, and this appeal resulted.

In 1958 Mr. and Mrs. Wolfe purchased from Mr. and Mrs. Dickson for $1,500.00 a portion of Lots 9 and 10 in Block 104 of the City of Monticello. Mr. Dickson died intestate on February 5, 1959; and on May 5, 1959 Mrs. Dickson, for $500.00, conveyed to the Wolfes an additional

portion of said Lots 9 and 10. When it was discovered that there were errors in the descriptions in the previous deeds and also that Mrs. Dickson had only a life estate in the property she had conveyed, Mrs. Dickson, joined with the other heirs of Mr. Dickson, executed the August 10, 1959 deed to the Wolfes. On December 9, 1959 the Dicksons (grantors in the August, 1959 deed) filed this suit, claiming that the said deed conveyed more property than was intended; and that there was either a mutual mistake or that the Wolfes had acted fraudulently.

The testimony on the part of the plaintiffs was that the May 1959 deed, as well as the August 1959 deed, included ''a strip of land approximately 15 feet wide off of the north side of the property belonging to the plaintiffs, and inside and south of the boundary fence,'' which was not intended to be conveyed. The plaintiffs claimed that it was agreed that the fence would be the boundary of the conveyed property, but that the deed conveyed a strip fifteen feet wide inside the fence. The testimony on behalf of the defendants was: that they bargained for a thirty-foot strip; that they had it surveyed and described; that the deed was properly prepared; that the description of the property was read to the plaintiffs before they signed the deed; and that there was no mistake.

After hearing all the evidence, the Chancellor delivered a written opinion, from which we copy:

''This action, as the usual reformation action, turns on the burden of proof. The rule is: the plaintiffs having executed and delivered the deed to the defendants—title having passed—'the burden of establishing grounds for reformation rests on the plaintiff' (*Glasscock* v. *Mallory,* 139 Ark. 83). A preponderance of the evidence alone is not sufficient to reform a written instrument (*Hicks* v. *Rankin,* 214 Ark. 77). 'It is well settled by our decisions that before the jurisdiction of equity may be invoked to reform a written instrument by parol evidence, the proof must be clear, unequivocal and decisive' (*Smith* v. *Olin Industries,* 224 Ark. 606). It is not necessary that the testimony be undisputed to reform a deed, 'It suffices if

the testimony, in its entirety, clearly shows that a mutual mistake was made' (*Meekins* v. *Meekins,* 168 Ark. 654).

"In explaining the meaning of the rule of 'the proof must be clear, unequivocal and decisive,' the court said in *Hicks, Special Adms.* v. *Rankins,* 214 Ark. 77: ' . . . in the early American case, October term 1830, *United States* v. *Munroe,* 5 Mason's Rep. 577, Fed. Cas. No. 15,835, Judge Story, speaking for the court, said: ''In cases of asserted mistake in written instruments, it is not denied that a court of equity has authority to reform the instrument. But such a court is very slow in exerting such an authority, and it requires the strongest and clearest evidence to establish the mistake. It is not sufficient that there may be some reason to presume a mistake. The evidence must be clear, unequivocal and decisive; not evidence which hangs equal, or nearly in equilibrio.' ''

"The evidence necessary to impeach the solemn recitations of the deed must be clear and convincing. As was said in *Bevens* v. *Brown,* 196 Ark. 1177, 120 S. W. 2d 574: 'It must be so clear that reasonable minds will have no doubt that such an agreement was executed. It must be so convincing that serious argument cannot be urged against it by reasonable people.' Tested in the light of this rule, we do not believe the purported agreement should have been accorded that high degree of verity which must attach to alleged verbal reservations or conditions in order to overthrow solemn recitals of a deed. Business transactions must have finality. Conveyances must not be exposed to the caprice of parol, nor explained away by less than that *quantum* of evidence which essentially attains the dignity of clarity, impressing convictions.''

The Chancellor then concluded:

"It is found that when the testimony in this record is weighed in the scales of justice that the scales stand in equipoise. This is to state that there is evidence of equal weight, strength and degree on either side. Thus under the rules relating to the burden of proof the complaint of the plaintiffs should be dismissed on this issue.''

We have carefully studied the testimony, and we adopt as our own the quoted statements from the Chancellor's opinion. The plaintiffs did not establish any part of their case by the required *quantum* of proof. Certainly on appeal we cannot say that the finding of the Chancery Court is against the preponderance of the evidence.

Affirmed.