Wayne HARBOUR *v.* Chloe F. Harbour SHEFFIELD

CA 80-128                                        601 S.W. 2d 595

Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*Charles E. Davis*, of *Davis, Bracey & Heuer, P.A.*, for appellant.

*Willis V. Lewis*, for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellant Wayne Harbour appeals from a decree of the chancery court quieting title to 180 acres of land in Montgomery County in the appellee Chloe F. Harbour Sheffield and reforming a deed from L.L. Beavers and wife by which her late husband Russell Harbour acquired title in July, 1941.

The appellant answered appellee's petition to reform the deed and quiet title and claimed ownership of an undivided interest in the land as an heir of his late brother Russell Harbour who died intestate and without issue in 1966. By counter-petition he also sought partition of the land.

The appellee upon the death of her husband became the owner of a one-half undivided interest under the dower statute, and she subsequently acquired by quitclaim deeds from her late husband's heirs all of the outstanding interests except a one-sixth undivided interest which passed to the appellant.

Appellee and Russell Harbour were married in 1934. In 1941, he acquired a deed to the land in question from Mr. and Mrs. Beavers. The appellee was not present at the closing of the transaction and no one who participated in the preparation of the deed or the closing of the transaction testified. Appellee testified she joined in signing the papers to borrow the money to purchase the land in 1941, and the evidence shows she worked with her husband in operating and improving the farm. She had assumed her name was on the deed until she learned otherwise after her husband's death in 1966. She was appointed administratrix of her husband's estate and listed the land in question as belonging to the estate in the verified probate court inventory. The final probate court order discharging the administratrix recited title to the lands, "as still in the estate".

The evidence shows appellee continued to live upon the

land for sometime after her husband's death, but she later remarried and the record is not clear as to whether she has abandoned her homestead.

## I.

Appellant contends the trial court erred in reforming the 1941 deed to include the name of appellee as a grantee along with that of her late husband on the ground there was a mistake in the deed in failing to include appellee's name.

The law requires that to warrant reformation of the deed the evidence must be clear and convincing. *Duckson* v. *Wolfe*, 235 Ark. 855, 362 S.W. 2d 427 (1962). We do not find clear and convincing evidence in the record that either the grantors or the grantee in the 1941 deed intended the deed to include the appellee as a grantee or that there was a mistake in the deed in omitting the name of the appellee.

There is another compelling reason the court erred in reforming the deed. Neither the grantors or their heirs were parties to this action, and they would be necessary parties to an action for reformation. *McClelland* v. *McClelland*, 219 Ark. 255, 241 S.W. 2d 264 (1951).

## II.

Appellant contends the chancellor erred in holding the appellee had perfected title to the land by adverse possession and in quieting fee title to the land in appellee as against appellant.

Upon the death of appellant's husband, intestate and without issue, the appellant under the dower provisions of Ark. Stat. Ann. § 61-206 became the fee owner of a one-half undivided interest in the land. She thereafter acquired the outstanding interests of the heirs at law of her late husband except the undivided one-sixth interest which vested in appellant as an heir of Russell Harbour. The appellant and appellee thus became co-tenants upon the death of appellee's husband.

The law is settled that possession by a co-tenant is presumed to be possession by all of the co-tenants, and the pressumption continues until there is some act sufficient to give notice to co-owners that the one in possession is claiming ownership to the exclusion of the others having an interest in the property. *Baxter* v. *Young*, 229 Ark. 1035, 320 S.W. 2d 640; *Newman* v. *Newman*, 205 Ark. 169 S.W. 2d 667 (1943).

Here the appellee in a verified inventory filed in the probate proceedings upon her late husband's estate recognized the land as belonging to the estate. There is no substantial evidence that appellee at any point prior to the filing of this suit took any action to clearly bring home notice to appellant she was claiming ownership of the land adverse to him. There is abundant evidence that she desired that appellant give her his outstanding interest, and asked him for a quitclaim deed.

### III.

Appellant asserts the court erred in failing to order partition of the land on his counter-petition.

The evidence is not clear or fully developed as to whether the appellee continues to hold the land as her homestead. If so, it is not subject to partition except by her consent. Article 9, § 6 of the Constitution; *Henderson* v. *Henderson*, 212 Ark. 31, 204 S.W. 2d 911 (1947); *Gibson* v. *Gibson*, 264 Ark. 420, 572 S.W. 2d 148 (1978). If the land is no longer the homestead of appellee, the trial court should grant partition as provided by Ark. Stat. Ann. § 34-1801 (Repl. 1962).

As we conclude the findings of the chancellor were clearly contrary to the preponderance of the evidence as to reformation of the deed and as to ownership of the land by appellee by reason of adverse possession, we reverse on those points, and hold appellant owns a one-sixth undivided interest in the land.

We remand the case for further proceedings consistent with this opinion upon appellant's counter-petition to partition the land, and direct that the parties be permitted to present further evidence to clarify whether appellee has homestead rights in the land.